James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
Kacey E. Cook, Esq. SBN 337905
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Plaintiff, SAMANTHA VVANTI
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA VVANTI, on behalf of herself and all others similarly situated<br><br>          Plaintiff,<br><br>vs.<br><br>O'REILLY AUTO ENTERPRISES, LLC a Delaware limited liability company and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. 2:19-CV-02407-JAK (JPRx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1) **Failure to pay Lawful Wages**<br>2) **Failure to Provide Lawful Meal Periods or Compensation in Lieu Thereof**<br>3) **Failure to Provide Lawful Rest Periods or Compensation in Lieu Thereof**<br>4) **Failure To Reimburse Employee Expenses**<br>5) **Failure to Timely Pay Wages**<br>6) **Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions**<br>7) **Violations of the Unfair Competition Law**<br>8) **Labor Code Private Attorney General Act (Lab. Code §2699 *et seq.*)**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff SAMANTHA VVANTI on behalf of herself and all others similarly situated assert claims against Defendant O'REILLY AUTO ENTERPRISES, LLC a Delaware limited liability company, and DOES 1 through 50, inclusive (hereinafter collectively referred to as "Defendants" ) as follows:

## I.

## <u>INTRODUCTION</u>

1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, brought against Defendant  O'REILLY AUTO ENTERPRISES, LLC (hereinafter "O'REILLY AUTO")  on behalf of Plaintiff SAMANTHA VVANTI (hereinafter "Plaintiff") and all employees not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities, employed by, or formerly employed by O'REILLY AUTO  in California.   (hereinafter referred to as "Non-Exempt Employees" and/or "Class Members").

2.     During the liability period, defined as the applicable statute of limitations for each and every cause of action contained  herein, Defendants enforced shift schedules, employment policies and practices, and workload requirements wherein Plaintiff and all other Non Exempt Employees: (1) were not paid proper wages they earned for all hours they worked including overtime compensation; (2)  were not permitted to take their full statutorily authorized rest and meal periods due to the scheduling and work load and time requirements placed upon them by Defendants.  Defendants failed to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period and/or rest period that was not properly provided.

FIRST AMENDED CLASS ACTION COMPLAINT

3.      During the liability period, Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

4.      During the liability period, Defendants have also failed to reimburse Class Members for the use of their personal vehicles and/or mobile phones used in the performance of their job duties.

5.      During the liability period, Defendants have also failed to pay all wages owed to discharged or resigned employees in a timely manner.

6.      Plaintiff, on behalf of herself and all Class Members, bring this action pursuant to Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 2699, 2802 California Code of Regulations, Title 8, section 11010 *et seq*. and any other applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid wages and overtime compensation, unpaid rest and meal period compensation,  expense reimbursement, penalties and other equitable relief, and reasonable attorneys' fees and costs.

7.      Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay all overtime wages and rest and meal period premiums to each of their Non-Exempt Employees.

## II.
## <u>JURISDICTION AND VENUE</u>

5.      This Court has subject matter jurisdiction over Plaintiff's complaint, as Defendants have removed these actions from the California Superior Courts to

FIRST AMENDED CLASS ACTION COMPLAINT

the District Court of California on diversity grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

6.    Venue is proper in the Central District of California because this case was removed from the California Superior Court by Defendants. In addition, pursuant to 28 U.S.C. § 1391, venue is proper because Defendants are business entities that (i) are subject to personal jurisdiction in this District, and, therefore, reside in this District and/or (ii) committed the wrongful conduct against certain members of the Class in this District.

### III.

### **PARTIES**

9.    Plaintiff is, and at all times mentioned in this complaint was, a resident of Los Angeles County, California.

10.    On information and belief, Defendants were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

11.    The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

FIRST AMENDED CLASS ACTION COMPLAINT

12.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## IV.

## FACTUAL BACKGROUND

13.     On information and belief, O'REILLY AUTO is a Delaware limited liability company doing business as "O'Reilly Auto Parts." O'REILLY AUTO owns and operates retail stores throughout California which sell auto parts.

14.     Plaintiff was employed by Defendants from in or about November 2016 through in or about May 2018 and occupied  non-exempt positions as a delivery driver and stocker. During her employment, Plaintiff worked in two O'REILLY AUTO stores located in the city of Covina, California.

15.     During the liability period, Defendants had a bonus policy in which Plaintiff and Class members received a non discretionary bonus based on the store(s) attaining designated sales goals. Plaintiff is informed and believes that Defendants failed to include the bonus in the regular hourly rate of pay when calculating overtime compensation.

16.     During the liability period, Plaintiff and Class Members were at times required to perform job duties "off the clock" and without compensation.  For example, Plaintiff was required to pick up auto parts at one location prior to the start of her shift and was not compensated. Also, when the store was understaffed,

- 5 -

Plaintiff was asked to provide assistance and was not compensated for the time worked.

17.    During the liability period, Plaintiff and Class Members were at times required to work in excess of five (5) hours without a minimum, uninterrupted thirty (30) minute meal period provided by the end of the fifth hour. Additionally, when Plaintiff and Class Members  worked in excess of ten (10) hours, Defendant did not provide a second minimum 30 minute meal period. Plaintiff and Class Members were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not lawfully provided,  in violation of California labor laws, regulations and IWC Wage Order.

18.    During the liability period, Plaintiff and Class Members were frequently required to work without being permitted or authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof worked and not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

19.    During the liability period, Plaintiff and Class Members were required to use their personal vehicles and/or personal mobile phones in the performance of their job duties. Plaintiff did not receive reimbursement for the use of her vehicle and/or phone in the performance of her job duties.

20.    During the liability period, Plaintiff and Class Members were required to wear uniforms of distinctive color and design. Although O'REILLY AUTO provided approximately three shirts to Plaintiff and Class Members which were

FIRST AMENDED CLASS ACTION COMPLAINT

meant to last for one year. If the shirts became worn out or dirty, Plaintiff and Class Members were required to purchase additional shirts.

21.    On information and belief, Defendants willfully failed to pay all earned wages in a timely manner to Non Exempt Employees; nor has O'REILLY AUTO paid to Non Exempt Employees, upon or after termination of their employment with Defendant, all compensation due, including but not limited to all wages owed and compensation for having failed to properly provide rest periods and meal periods.

22.    Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed over one  hundred employees in the State of California in non-exempt positions.

23.     Non-Exempt Employees employed by Defendants, at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

**V.**

**CLASS ACTION ALLEGATIONS**

24.    Plaintiff seeks to represent a Class comprised of and defined as: All persons who are or were employed by O'REILLY AUTO in California and who are/were not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities ("non exempt") within four (4) years prior to the date this lawsuit is filed ("liability period") until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

25.    Plaintiff also seeks to represent Subclasses which are composed of persons satisfying the following definitions:

FIRST AMENDED CLASS ACTION COMPLAINT

a.      All persons who are employed by or have been employed by O'REILLY AUTO in the State of California who, within the liability period, have worked as non exempt employees and were not accurately and fully paid all lawful wages owed to them including overtime compensation for all their hours worked;

b.      All persons who are employed by or have been employed by O'REILLY AUTO in the State of California who, within the liability period, have worked as non exempt employees and have not been provided an uninterrupted 30 minute meal period when they worked over five hours in a work shift by the end of the fifth hour and/ or a second 30 minute meal period when they worked over 10 hours in a shift by the end of the tenth hour and were not provided compensation in lieu thereof;

c.      All persons who are employed by or have been employed by O'REILLY AUTO in the State of California who, within the liability period, have worked as non exempt employees and have not been authorized or permitted to take a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked per day and were not provided compensation in lieu thereof;

d.      All persons who are employed by or have been employed by O'REILLY AUTO in the State of California who, within the liability period, have worked as non exempt employees and who were not timely paid all wages due and owed to them upon the termination of their employment with Defendants;

e.      All persons who are employed by or have been employed by O'REILLY AUTO in the State of California who, within the liability period, have worked as non- exempt employees and were required to use their personal automobiles and/or mobile phones in the  performance of their job duties without receiving reimbursement from Defendants; and

f.      All persons who are employed by or have been employed by O'REILLY AUTO in the State of California who, within the liability period, have

FIRST AMENDED CLASS ACTION COMPLAINT

worked as non- exempt employees and who were not provided with accurate and complete itemized wage statements.

26.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

27.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. <u>Numerosity</u>**

27.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed, as many as over one hundred Non-Exempt Employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B. <u>Commonality</u>**

28.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.      Whether Defendants violated Labor Code §§ 510, 1194 and applicable IWC Wage Orders by failing to pay all earned wages including overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a work day and/or more than forty (40) hours in a workweek;

ii.     Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30 minute meal periods to Non-Exempt Employees on days in which they

FIRST AMENDED CLASS ACTION COMPLAINT

worked in excess of 5 hours and/or 10 hours and failing to compensate said employees one hour wages in lieu of meal periods;

iii.    Whether Defendants violated Labor Code sections 226.7 and applicable IWC Wage Orders by failing to authorize and permit minimum 10 minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

iv.    Whether Defendants violated Labor Code §2802 and applicable IWC Wage Orders for failing to indemnify employees for the expenditures incurred in the performance of their job duties ( i.e., requiring that Class Members to use their personal vehicles and/or phones in to the performance of their job duties and failure to reimburse Class Members for the purchase and maintenance of uniforms);

v.    Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages due and owing at the time that any Non-Exempt Employees' employment with Defendants terminated;

vi.    Whether Defendants violated sections 226 of the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

vii.    Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to pay proper overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a workday and/or more than forty(40) hours in a workweek; failing to provide proper rest and/or meal periods and failing to pay compensation in lieu thereof; failing to reimburse employee expenses; failing to pay wages due and owing at the time the employee's employment with Defendants

FIRST AMENDED CLASS ACTION COMPLAINT

terminated failing to keep accurate records all in violation of  Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, 2802 and applicable IWC Wage Orders.

viii.       Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code sections 201, 202, 203,  226, 226.7, 510, 512, 1194, 2802  and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

**C. <u>Typicality</u>**

29.     The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

30.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions

**E. <u>Superiority of Class Action</u>**

31.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

32.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

FIRST AMENDED CLASS ACTION COMPLAINT

# VI.
## CAUSES OF ACTION

**First Cause of Action**
Failure to Pay Overtime Wages
(Lab. Code §§ 510, 1194 1199)
(Against All Defendants)

33.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

34.     During the liability Defendants' policies, practices and work shift requirements resulted in Plaintiff and Non-Exempt Employees working "off the clock" and not receiving compensation for all earned wages including overtime in violation of California state wage and hour laws.

35.     On information and belief, during part of the liability period Defendants paid Non Exempt Employees on a piece rate basis which resulted in non-exempt employees working in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without providing compensation to such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

36.     During the liability period, Defendant has had a policy and practice of providing a non discretionary bonus to Plaintiff and Class Members.  Upon information and belief, Defendants did not include bonus payments in the calculation of overtime wages during shifts in which Plaintiff and Class members worked over 8 hours in a day and/or 40 hours in a week.

37.     During the liability Defendants'  policies and/or practices  resulted in Plaintiff and Non Exempt Employees working in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

FIRST AMENDED CLASS ACTION COMPLAINT

38.     As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of compensation for all earned wages including overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194

39.     WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Second Cause of Action**
Failure to Provide Lawful Meal Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, 512, IWC Wage Orders)
(<u>Against All Defendants</u>)

40.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

41.     By their failure to provide 30 minute uninterrupted meal periods by the end of the fifth hour for days on which Non-Exempt employees work(ed) work periods in excess of 5 hours and/or failing to provide a second 30 minute uninterrupted meal period for days in which the Non Exempt Employees worked shifts in excess of 10 hours and  failing to provide compensation for such statutorily non-compliant meal periods, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage Orders.

42.      By failing to record and maintain adequate and accurate time records according to sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff and Class Members.

43.     As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of premium wages in amounts to be

FIRST AMENDED CLASS ACTION COMPLAINT

determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

44.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants

45.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

46.     By their failure to provide a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non Exempt Employees, and failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC applicable Wage Orders.

47.    As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

48.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Fourth Cause of Action**
Failure to Reimburse Employee Expenses
(Lab. Code § 2802)
(Against All Defendants)

49.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT

50.    By their policy of requiring that Non Exempt Employees provide their own tools  necessary to the performance of their job duties and/or to purchase and maintain the uniform Defendant requires them to wear, without reimbursement, Defendants willfully violated the provisions of Lab. Code § 2802 IWC Wage Order 9.

51.    As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks to represent are entitled to recovery of  full amount of expenses incurred plus interest, attorneys' fees, and costs, under Labor Code§ 2802 and IWC Wage Order 1.

52.    WHEREFORE, Plaintiffs and the Class she seeks to represent request relief as described herein and below.

**Fifth Cause of Action**
Failure to Timely Pay Wages Due At Termination
(Lab. Code §§ 201-203)
(Against All Defendants)

53.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

54.    Sections 201 and 202 of the California Labor Code require Defendants to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

55.    Affected class members are entitled to compensation for all forms of wages earned, including overtime compensation and compensation for non

FIRST AMENDED CLASS ACTION COMPLAINT

provided rest and meal periods but to date have not received such compensation therefore entitling them Labor Code section 203 penalties.

56.   More than 30 days have passed since Plaintiff and affected Class Members have left Defendants' employ, and on information and belief, have not received payment pursuant to Labor Code §203.  As a consequence of Defendants' willful conduct in not paying all earned wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for failure to pay legal wages.

57.   WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Sixth Cause of Action**
Knowing and Intentional Failure to Comply With Itemized Employee
Wage Statement Provisions
(Lab. Code § 226(b))
(Against All Defendants)

58.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

59.   Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed class. IWC Wage Orders require Defendants to maintain time records showing, among others, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statement, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and the members of the proposed class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226

- 16 -

60.    Plaintiff and Class Members have been injured by Defendants' actions by rendering them unaware of the full compensation to which they were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders.

61.    Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

62.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Seventh Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
<u>(Against All Defendants)</u>

63.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

64.    On information and belief, Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200 et seq. by their policy of:

i.    forty (40) hours in a workweek without compensation at the rate of time and one-half (1 1/2) of their regular rate of pay;

ii.    failing to provide proper meal periods to its Non Exempt Employees or provide compensation in lieu thereof;

iii.    failing to provide proper rest periods to its Non Exempt Employees or provide compensation in lieu thereof;

iv.    failing to reimburse expenses incurred by Non Exempt Employees in the performance of their job duties;

v.     failing to provide all earned wages due to its non exempt employees upon their termination and/or resignation;

FIRST AMENDED CLASS ACTION COMPLAINT

65.    The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

66.    Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

67.    As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

68.    WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Eighth Cause of Action**
Labor Code Private Attorney General Act
(Cal. Labor Code §2699 et seq.)
(Against All Defendants)

69.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

70.    Plaintiff brings these claims for civil penalties as a representative action on behalf of herself and all Non Exempt Employees employed by, or formerly employed by Defendants in the state of California during the applicable liability period under Lab. Code §2699.

71.    Plaintiff gave written timely notice by certified mail to the Labor and Workforce Development Agency (the "Agency") in or about January 3, 2019 and the employer of the specific provisions of the California Labor Code alleged to have been violated as required by Lab. Code § 2699.3.  Plaintiff did not receive a response from the Agency within the proscribed time period.

- 18 -

72.     The policies, acts and practices of Defendants, heretofore described give rise to statutory penalties including but not limited to Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 2802 through Defendants' failure to pay all wages earned; failure to pay correct  meal break premiums,  failure to timely pay wages;  failure to provide accurate wage statements; failure to indemnify business expenses; failure to pay correct sick pay compensation to Plaintiff and other similarly situated aggrieved employees.

73.     Plaintiff as an aggrieved employee hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2007 on behalf of herself and other current and former employees of Defendants against whom one or more of the violations of the Labor Code was committed during the applicable period.

## VII.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  For premium wages pursuant to Labor Code §§ 226.7 and 512;

5.  For premium pay and penalties pursuant to Labor Code §203, 2699;

6.  For attorneys' fees, interests and costs of suit under Labor Code §§1194, 2699, 2802; and

7.  For such other and further relief as the Court deems just and proper.

FIRST AMENDED CLASS ACTION COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

**Dated:  September 10, 2021     JAMES HAWKINS, APLC**

_____
James R. Hawkins, Esq.
Isandra Y. Fernandez, Esq.
Kacey E. Cook, Esq.
Attorneys for Plaintiff
SAMANTHA VVANTI

- 20 -

FIRST AMENDED CLASS ACTION COMPLAINT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 16, 2021 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: September 16, 2021          <u>*/s/ Isandra Y. Fernandez*</u>
                                   Isandra Y. Fernandez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -

PROOF OF SERVICE